UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re:<br><br>GREAT LAKES COMNET, INC., *et al.*[1]<br>    Debtors. | Case No. 16-00290 (JTG)<br>(Jointly Administered)<br><br>Chapter 11<br><br>Honorable John T. Gregg |
| PETER KRAVITZ, LIQUIDATION TRUSTEE OF THE GLC LIQUIDATION TRUST,<br>    Plaintiff,<br>v.<br>DELL MARKETING L.P.,<br>    Defendant. | Adversary Proc. No. _____ |

**COMPLAINT TO (I) AVOID AND RECOVER TRANSFERS UNDER
11 U.S.C. §§ 547 AND 550 AND (II) DISALLOW CLAIM UNDER 11 U.S.C. § 502(D)**

Peter Kravitz, Liquidation Trustee of the GLC Liquidation Trust ("Trustee") submits this *Complaint to (I) Avoid and Recover Transfers Under 11 U.S.C. §§ 547 and 550 and (II) Disallow Claim Under 11 U.S.C. § 502(d)* against Dell Marketing L.P. ("Defendant"), alleging as follows in support.

**INTRODUCTION**

1.  On January 25, 2016 ("Petition Date"), the Debtors filed voluntary Chapter 11 petitions with this Court commencing their bankruptcy cases.

2.  On March 4, 2016, Comlink, LLC ("Preference Debtor") filed its *Schedule of Assets and Liabilities for Comlink, LLC* ("Schedules," Doc. No. 215).

3.  In Section E/F of the Schedules (Creditors Who Have Unsecured Claims), on line 3.35 of page 36 of 231 of the Schedules, the Preference Debtor listed the Defendant has having an unsecured claim in the amount of $6,275 ("Claim").

---

[1] The Debtors are Great Lakes Comnet, Inc. (Case No. 16-00290) and Comlink, LLC (Case No. 16-00292).

4. The Claim is not listed as contingent, unliquidated, or disputed on the Schedules.

5. On March 30, 2017, the Court confirmed the Debtors' *Joint Chapter 11 Plan of Liquidation of the Debtors and Official Committee of Unsecured Creditors* ("Plan," Doc. No. 671; also attached to the Confirmation Order, Doc. No. 737, as Exhibit A).

6. Subsequently, the Debtors gave notice that the Effective Date under the Plan had occurred on April 1, 2017. (Doc. No. 742.)

7. Under the Plan's terms, the Trustee was given the right and responsibility to pursue avoidance actions, as well as the right to settle and release same. Plan, §§ 4.9, 12.7.

## JURISDICTION

8. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (F).

9. The Court has jurisdiction under 28 U.S.C. §§ 157(a) and 1334 and W.D. Mich. LCivR 83.2(a).

10. Venue of this proceeding is appropriate under 28 U.S.C. § 1409(a).

## FACTS

11. Prior to filing for bankruptcy protection, the Debtors' business consisted of, among other things, operation of a 6,500 mile fiber network serving Michigan and surrounding states. ("Disclosure Statement," § 3.1, Doc. No. 670.) They provided telecommunications and tandem switching services, ultrahigh-speed bandwidth data transmission, and other related services to their customers. *Id.*

12. Prior to the Petition Date, the Preference Debtor ordered goods and services from the Defendant.

13. Prior to the Petition Date, the Defendant provided goods and services to the Preference Debtor, including, but not limited to, selling computer and telecommunications equipment to the Preference Debtor for use in installations for new customers.

14. The Preference Debtor was obligated to pay the Defendant for these goods and services.

15. Prior to the Petition Date, the Defendant sent invoices to the Preference Debtor for the goods and services it had provided to the Preference Debtor.

16. The invoices the Defendant sent to the Preference Debtor requested payment for the goods and services the Defendant provided to the Preference Debtor.

17. In payment on these invoices, on or within the ninety (90) days prior to the Petition Date, the Preference Debtor transferred funds ("Transfers") to the Defendant as shown on Exhibit A.

18. The Transfers total $121,957.25.

19. The Transfers were made to satisfy obligations the Preference Debtor incurred when the Defendant provided goods and services to the Preference Debtor.

20. The Preference Debtor's schedules reflect approximately $7.5 million in assets and just over $25 million in liabilities, showing that the Preference Debtor was insolvent as of the petition date. (Doc. No. 215, Page 230 of 231, Summary of Assets and Liabilities for Non-Individuals.)

21. Additionally, the Liquidation Analysis attached as Exhibit B to the Disclosure Statement indicates that liquidation of the Debtors' assets would not result in full payment of all claims. Disclosure Statement, Ex. B.

22. Had the case converted to Chapter 7, all or most estate assets would have gone to secured creditors, leaving little or nothing for unsecured creditors. Disclosure Statement, Ex. B.

23. As of the Petition Date, the Preference Debtor had insufficient assets to pay unsecured creditors in full.

24. Under a Chapter 7 proceeding, unsecured creditors would not have received full payment on their claims.

## CLAIM FOR RELIEF

### Count I: Avoidance and Recovery of Preferential Transfers

25. The Transfers were made by or on behalf of the Preference Debtor.

26. The funds transferred by the Transfers came from an account or accounts owned by the Preference Debtor.

27. As each Transfer originated from the Preference Debtor's accounts, it constituted a transfer of the Preference Debtor's interest in property to the Defendant.

28. Each Transfer was made on account of one or more of the Defendant's invoices.

29. Each invoice represented an obligation of the Preference Debtor to pay for goods and services provided to the Preference Debtor by the Defendant.

30. Each Transfer was made to satisfy an obligation that existed before the Transfer was made.

31. The Transfers thus were made on account of antecedent debts owed to the Defendant by the Preference Debtor before the Transfers were made.

32. The Defendant or its agents received each of the Transfers.

33. Each Transfer thus was made to or for the benefit of the Defendant.

34. Under 11 U.S.C. § 547(f), the Preference Debtor is presumed to have been insolvent at the time the Transfers were made.

35. The Preference Debtor's schedules show that its liabilities exceeded its assets as of the Petition Date.

36. The Preference Debtor was, in fact, insolvent at the time the Transfers were made.

37. Each Transfer was made on or within 90 days prior to the Petition Date.

38. Each Transfer enabled the Defendant to receive more than it would have if (a) the Preference Debtor's bankruptcy case were administered under Chapter 7 of the Bankruptcy Code, (b) the Transfer had not been made, and (c) the Defendant received payment for the corresponding claim to the extent provided by the Bankruptcy Code.

39. Under 11 U.S.C. § 547(b) and Sections 4.9 and 12.7 of the Plan, the Transfers constitute preferential transfers which the Trustee may avoid.

40. The Preference Debtor made each Transfer directly to the Defendant.

41. The Defendant was thus the initial transferee of each of the Transfers.

42. Under 11 U.S.C. § 550(a) and Sections 4.9 and 12.7 of the Plan, the Trustee may recover the Transfers from the Defendant.

## Count II: Disallowance of the Claim

43. The allegations set forth in the previous paragraphs are realleged and incorporated by reference as if fully set forth herein.

44. The Defendant has neither returned the Transfers to the Trustee nor paid to the Trustee the amount of the Transfers for which the Defendant is liable under 11 U.S.C. § 550.

45. Under 11 U.S.C. § 502(d), the Claim and any other claims held by the Defendant (or by any assignee) must be disallowed until and unless the Defendant returns the Transfers to the Trustee or pays the Trustee the amount of the Transfers.

46. Under 11 U.S.C. § 502(j), the Claim and any other claims held by the Defendant (or by any assignee) that have been previously allowed by the Court must be reconsidered and disallowed unless and until the Defendants returns the Transfers to the Trustee or pays the Trustee the amount of the Transfers.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in favor of the Trustee and against the Defendant (1) in an amount not less than $121,957.25, plus costs and interest; and (2) disallowing the Claim and any other claims held by the Defendant or any assignee until such time as the Defendant returns this amount to the Trustee.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Ronald A. Spinner
  Marc N. Swanson (P71149)
  Ronald A. Spinner (P73198)
  150 West Jefferson, Suite 2500
  Detroit, MI 48226
  (313) 963-6420
  swansonm@millercanfield.com
  spinner@millercanfield.com

*Counsel for Liquidation Trustee*

DATED:  January 22, 2018

## EXHIBIT A

## Preferential Payments to Dell Marketing L.P.

| Payment Type | Payment # | Payment Date | Payment Amount | Invoice # | Invoice Date | Invoice Amount |
|---|---|---|---|---|---|---|
| Check | 9385 | 10/28/2015 | 37,967.63 | XJRNX77T9 | 9/10/2015 | 37,967.63 |
| Check | 9430 | 11/12/2015 | 18,583.73 | XJRPW3F36 | 9/14/2015 | 18,583.73 |
| Check | 9461 | 11/18/2015 | 11,810.55 | XJRW6K3P4 | 9/22/2015 | 1,816.28 |
| | | | | XJRX2T1C3 | 9/24/2015 | 9,994.27 |
| Check | 9485 | 11/25/2015 | 53,317.34 | XJT1XR3K1 | 10/1/2015 | 53,317.34 |
| Check | 9539 | 12/22/2015 | 278.00 | XJTD1JR55 | 11/6/2015 | 278.00 |
| **Total** | | | **121,957.25** | | | **121,957.25** |